

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00129-CR

---

MICHAEL BLAIN COCHRAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 31624A, Honorable Dee Johnson, Presiding

---

January 31, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Michael Blain Cochran, appeals his conviction for aggravated robbery,[1] enhanced by a prior felony conviction. Appellant pleaded guilty to the offense and pleaded true to the enhancement allegation. The trial court accepted his guilty plea, found the enhancement allegation to be true, and assessed punishment at forty years'

---

[1] *See* TEX. PENAL CODE ANN. § 29.03.

imprisonment.  Appellant's appointed counsel on appeal has filed an *Anders*[2] brief in support of a motion to withdraw.  We affirm the judgment and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error.  In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).  By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant filed a pro se response and a "Motion to Retain Counsel on Appeal," asserting that arguable issues exist and requesting that counsel advance those arguments on appeal.  We have carried Appellant's motion with the case.  The State has not filed a brief.

By his *Anders* brief, counsel evaluates the proceedings and maintains there are no errors on which relief may be granted.  We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

court which might support an appeal.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Following our review of the appellate record, counsel's brief, and Appellant's pro se response, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Therefore, we affirm the trial court's judgment, grant counsel's motion to withdraw,[3] and deny Appellant's pro se Motion to Retain Counsel on Appeal.  *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.